UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY LUSTER, | ) |
| Movant, | ) ) ) |
| v. | ) No. 1:14-CV-107 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM

Before the Court is the supplemental motion of Michael Anthony Luster to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant seeks a reduction of his sentence based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

After pleading guilty to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), Luster was sentenced to concurrent 151-month terms of imprisonment. At sentencing, the Court determined that Luster was a career offender, as defined in U.S.S.G. §4B1.1(a), based on his prior felony convictions for attempted burglary, unlawful use of a weapon-shooting into a dwelling, and two counts of distribution of cocaine base. Luster did not appeal the judgment. *United States v. Michael Anthony Luster*, No. 1:13-CV-00025 (CEJ).

In his supplemental motion to vacate, Luster argues that he is no longer a career offender because his attempted burglary and unlawful use of a weapon convictions no longer qualify as "crimes of violence" after the *Johnson* decision. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has

at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In the instant case, Luster was not sentenced under the ACCA, but instead he was determined to be a career offender under U.S.S.G. § 4B1.1(a). Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The term "crime of violence" in U.S.S.G. §4B1.2(a) is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm as defined in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c). The term "controlled substance offense" in U.S.S.G. § 4B1.2(b) is defined as a felony offense involving the distribution or possession with intent to distribute a controlled substance.

Luster's status as a career offender did not depend on his prior convictions for attempted burglary and unlawful use of a weapon. He also had two prior felony

convictions for controlled substance offenses, specifically distribution of cocaine base, which were sufficient to meet the requirements of the career offender guideline.

Even if the Court were to accept Luster's argument that attempted burglary and unlawful use of a weapon are not crimes of violence, his claim still fails. The decision in *Johnson* is inapplicable in this case, because the Supreme Court has held that the United States Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause and, more specifically, that the "crime of violence" clause of U.S.S.G. 4B1.2(a) is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). *See also United States v. Hudson*, 851 F.3d 807, 809 (8th Cir. 2017)

\*\*\*

For the reasons discussed above, the Court concludes that Luster is not entitled to relief under 28 U.S.C. § 2255 based on the claim he asserts in the supplemental motion to vacate. Therefore, the motion will be denied without a hearing. See <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Luster has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability. See 28 U.S.C. ҫ 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2017.