UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY LUSTER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:14-CV-107 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

Before the Court are the motions of Michael Anthony Luster to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, and for appointment of counsel. The United States has filed a response, and the issues are fully briefed.

### **I. Background**

After pleading guilty to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), Luster was sentenced to concurrent 151-month terms of imprisonment. At sentencing, the Court determined that Luster was a career offender, as defined in U.S.S.G. §4B1.1(a), based on his prior felony convictions for attempted burglary, unlawful use of a weapon-shooting into a dwelling, and two counts of distribution of cocaine base. Luster did not appeal the judgment. *United States v. Michael Anthony Luster*, No. 1:13-CV-00025 (CEJ).

### **II. Discussion**

In his motion to vacate, Luster asserts that he was denied effective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, *466 U.S. 668, 688 (1984)*. With respect to the first *Strickland* prong, there exists a strong presumption that counsel's

conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland, 466 U.S. at 690*.

## **Grounds One and Two**

In his motion, Luster combines his first and second grounds for relief. He asserts that he was denied effective assistance of counsel as a result of his attorney's failure to fully investigate the application of the United States Sentencing Guidelines to his case. According to Luster, there were errors in the presentence report (PSR) with respect to the calculation of his offense level and criminal history score that his attorney failed to address. He also asserts that his attorney should have objected to the application of the career offender guidelines.

At sentencing, the Court determined that Luster was a career offender as defined in U.S.S.G. § 4B1.1(a).[1] Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The term "controlled substance offense" in U.S.S.G. § 4B1.2(b) is defined as a felony offense involving the distribution or possession with intent to distribute a controlled substance. Luster was more than 18 years old at the time he committed the offenses of conviction, the offenses of conviction were distribution of cocaine base, and Luster had two prior felony convictions for distributing controlled substances. Therefore, he was properly classified as a career offender and any objection by defense counsel would have been futile.

Because of Luster's career offender status, his Criminal History Category was VI regardless of the actual number of criminal history points assessed in the PSR. *See* U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Prior to the sentencing hearing, defense counsel filed an objection to the assessment of criminal history points for one of Luster's prior convictions. However, the objection was denied as moot because of the application of U.S.S.G. § 4B1.1(b). Likewise, the calculation of Luster's total offense level was driven by his career offender status. Ordinarily, the base offense level for Luster's offenses would have been 12, pursuant to U.S.S.G. § 2D1.1. However, the application of that guideline was trumped by Luster's status as a career offender. Because the offenses to which Luster pleaded guilty carried a maximum penalty of 20

---

[1] In the plea agreement, Luster stipulated that he was a career offender and that the provisions of U.S.S.G. 4B1.1(b)—with respect to Criminal History Category and offense level—applied to him.

years in prison, under § 4B1.1(b), base offense level 32 was the starting point for determining his total offense level.

Under the circumstances, Luster cannot demonstrate a reasonable probability that he would have received a lower sentence but for his attorney's failure to further research the sentencing guidelines or to object to the career offender designation.

### **Ground Three**

In Ground Three, Luster complains of his attorney's failure to file a motion asking the Court to determine the probability of his receiving a fair trial. There is no legal basis for such a motion. Further, it is impossible for a court or anyone else to predict the outcome of a trial. Even if defense counsel had filed such a motion, it would have been denied. Luster was not denied effective assistance of counsel by reason of his attorney's failure to perform a futile act.

### **Ground Four**

Luster's fourth claim is that his attorney hindered him from filing an appeal. He alleges that defense counsel told him that "nothing would change" if he sought appellate review. He states that counsel "was ineffective for failing to file a motion to reduce [Luster's] sentence or otherwise perfect an appeal on his behalf." *Mot'n to Vacate,* p. 5 [Doc. # 2].

Luster signed a plea agreement in which he acknowledged that his appeal rights had been explained to him by his attorney. He also agreed to waive his right to appeal the sentence if it was within or below the guideline range based on the sentencing guidelines he agreed to in the plea agreement. *United States v. Michael Anthony Luster*, No. 1:13-CV-00025 (CEJ), Plea Agreement, p. 5 [Doc. 28]. At the change of plea hearing, Luster stated under oath that he had read and understood the plea agreement. *Id.,* Change of Plea Trans., p. 8 [Doc. # 46]. At the sentencing hearing,

4

the Court advised Luster of his right to appeal the judgment. *Id.*, Sentencing Trans., p. 22 [Doc. # 47]. Luster then signed a statement acknowledging that he understood his right to appeal and that he did not want to file a notice of appeal and had instructed his attorney not to file one on his behalf. *Id.,* Rule 12.07(A) Notice [Doc. #43].

The record clearly establishes that Luster knew of his right to appeal the sentence. Luster points to no action by defense counsel that prevented him from exercising his appeal rights. Based on Lusters's allegations, at most, defense counsel expressed an opinion that an appeal would not result in a lower sentence. There is nothing inappropriate about an attorney giving his evaluation of the likelihood of success on appeal.

Further, as discussed above, Luster stipulated to being a career offender and he met the requirements of that designation. Luster presents no information or evidence that his attorney could have asserted in a motion or on appeal to rebut the career offender designation. Thus, he hasn't demonstrated that he was prejudiced by his attorney's actions.

***

For the reasons discussed above, the Court concludes that Luster is not entitled to relief under 28 U.S.C. § 2255 based on the claim he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Luster has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. *See* 28 U.S.C. § 2253.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2017.